UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RESTORATION HARDWARE, INC., a Delaware corporation, RH US, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>- against -<br><br>VENINI S.p.A., an Italian società per azioni,<br><br>Defendant. | ECF CASE<br><br>26 CIV. _________<br><br>COMPLAINT |

Plaintiffs Restoration Hardware, Inc. and RH US, LLC (collectively, "RH" or "Plaintiffs"), by and through their undersigned counsel, bring this action for a declaratory judgment against defendant Venini S.p.A. ("Venini"). In support of the Complaint, RH alleges as follows:

## NATURE OF THE ACTION

1. This is an action for a declaratory judgment that: (a) Venini does not own any copyrights or trade dress rights in the lighting designs in its Poliedri, Tronchi, Nastri, and Light Shar lighting collections (the "Venini Lighting Collections"); and (b) RH's lighting products in its Chiara, Cielo, San Marco, and Tronchi lighting collections (collectively, the "RH Lighting Collections") do not infringe or violate any copyright, trade dress, or other rights that Venini owns or claims in the United States.

2. In an apparent effort to stifle fair and legitimate competition, Venini seeks to monopolize the market for basic lighting designs, such as blown-glass polyhedra, glass tubes and rods, arranged in basic and common arrangements. These elements are functional and commonly

used throughout the lighting industry, including by numerous third-party retailers offering similar lighting products in the United States and elsewhere.

3. Venini claims that it owns worldwide rights in the lighting designs at issue but has failed and refused to identify such rights. Venini has demanded that RH cease selling the RH Lighting Collections at issue or negotiate a worldwide license. Venini's threat of injunctive relief has placed a cloud over RH's continued marketing and sale of the RH Lighting Collections in the United States and elsewhere. As a result, RH brings this action to remove that cloud and to obtain a judicial declaration of its right to continue selling the RH Lighting Collections.

## THE PARTIES

4. Plaintiff Restoration Hardware, Inc. is a Delaware corporation with its principal place of business at 15 Koch Road, Corte Madera, California 94925. Restoration Hardware, Inc. is the ultimate parent of RH US, LLC.

5. Plaintiff RH US, LLC is a Delaware limited liability company with its principal place of business at 15 Koch Road, Corte Madera, California 94925. RH US, LLC developed and markets the RH Lighting Collections at issue.

6. Upon information and belief, Defendant Venini S.p.A. is a corporation organized and existing under the laws of Italy, with its principal place of business at Fondamenta dei Vetrai 50, 30141 Murano, Venice, Italy. Upon information and belief, Venini is the entity that claims to own copyright, trade dress, and other rights in the designs of the Venini Lighting Collections at issue.

## JURISDICTION AND VENUE

7. This action involves federal questions under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and seeks relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b).

8. An actual, substantial, and justiciable controversy exists between RH and Venini. RH and Venini have adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. As fully set forth below, an actual, substantial, and justiciable controversy exists because Venini has (1) sent demand letters threating worldwide injunctive relief and damages, (2) issued a litigation-hold notice to RH, and (3) has demanded a worldwide license covering past and continuing sales of the RH Lighting Collections.

9. This Court has personal jurisdiction over Venini, because it has purposely directed its actions to the State of New York, including this District. Specifically, Venini distributes, promotes, and/or sells lighting products that are the subject of this action to or through authoried retail stores located within this District (including Domus Design Collection, Duplex Design, Les Ateliers Courbet LLC, and Gagosian Shop) and via its interactive website that is accessible and sells directly to consumers within this District.

10. This Court also has personal jurisdiction over Venini pursuant to N.Y. C.P.L.R. § 302. Upon information and belief, Venini transacts business within New York and contracts to supply goods in New York, including the lighting products in which it alleges copyright and trade dress rights. RH's claims arise from and relate to Venini's assertion and commercial exploitation of its purported rights.

11. In the alternative, this Court has personal jurisdiction over Venini pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure, because (a) RH's claims arise under federal law; (b) upon information and belief, Venini is not subject to the general jurisdiction of the courts of any State; and (c) Venini's contacts with the United States as a whole—including distributing, promoting, and/or selling lighting products through retail stores located in New York and California and via its interactive website that is accessible and sells directly to consumers in the United States—render the exercise of jurisdiction consistent with the Constitution and laws of the United States.

12. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) in that a substantial part of the events or omissions giving rise to the claims occurred here, namely RH's and Venini's sale of the lighting products at issue, and Venini is subject to personal jurisdiction in this District.

13. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(c)(3), because Venini is not a resident of the United States and may be sued in any judicial district.

## FACTUAL BACKGROUND

### A. RH and the RH Lighting Collections

14. RH is a leading retailer and luxury lifestyle brand operating primarily in the home furnishings market. RH offers merchandise assortments across a number of categories, including furniture, lighting, textiles, bathware, décor, outdoor and garden, and baby, child and teen furnishings. RH operates approximately 77 retail locations (known as "galleries") and 44 outlet stores in the United States, Canada, and Europe. RH has three galleries in the State of New York, one of which is located in this District.

15. RH markets and offers its products for sale, including the RH Lighting Collections, through its galleries, its catalogs (known as "source books") and its website at <RH.com>, which is accessible to and used by consumers in this District.

16. RH has sold the RH Lighting Collections openly and continuously in the United States since at least as early as 2021, except for the Tronchi collection, which was released in 2026. During this time, Venini did not object to RH's promotion or sales of the RH Lighting Collections in the United States or elsewhere until May 20, 2026.

17. Examples of some of the lighting fixtures in RH's Chiara collection are shown below.







18. RH's Chiara lighting fixtures, as shown above, generally consist of dozens of handblown glass polyhedrons radiating from a steel frame that hang from individual hooks.

19. Examples of some of the lighting fixtures in RH's Cielo collection are shown below.





20. RH's Cielo lighting fixtures, as shown above, generally consist of tiers of glass composed of fluted cylindrical pendants, each mouth-blown with a fluid linear texture and a loosely drawn blossom shape.

21. Examples of some of the lighting fixtures in RH's Tronchi collection are shown below.





22. RH's Tronchi lighting fixtures, as shown above, generally consist of fluted glass cylinders suspended from an imperceptible metal frame.

23. Examples of the lighting fixtures in RH's San Marco collection are provided below.





24. RH's San Marco lighting fixtures, as shown above, generally consist of dozens of glass panes arranged within a sleek metal frame.

25. Each of the lighting fixtures in the RH Lighting Collections generally consists of dozens of glass cylinders, tubes or modules arranged on a metal frame in geometric shapes, such as a circle or rectangle. The arrangement of the glass cylinders, tubes or modules around a light source serves the purpose of diffusing, refracting, and distributing light, as well as concealing light sources.

**B. Venini's Designs Are Functional and Lack Sufficient Originality and Secondary Meaning**

26. Each of the lighting designs in the Venini Lighting Collections is composed of blown-glass polyhedral elements, glass tubes, or other basic geometric shapes, in all or most cases suspended from or connected to a metal support structure.

27. Glass polyhedra, tubes, rods, disks, and similar shapes, and the practice of suspending multiple glass elements from or attached to a metal frame to diffuse and refract light, are basic building blocks of glass lighting design. They are used throughout the lighting industry and serve the utilitarian purposes of diffusing, refracting, and distributing light, concealing light sources, and allowing fixtures to be scaled to different spaces.

28. Venini's Poliedri lighting products are comprised of modules in blown cristallo glass that are arranged in several tiers and suspended from a metal support structure. By Venini's own account, "each blown glass element can be combined with others to create lighting installations of endlessly varying forms, dimensions and configurations." *See* https://www.venini.com/en/poliedri-fp395134000x0b-c. An example of Venini's Poliedri lighting products is provided below.



29. Venini's Tronchi lighting products are comprised of modules in blown cristallo glass that are arranged in several tiers and suspended from a metal support structure. A couple examples of Venini's various configurations for the Tronchi lighting products are provided below.





30. Venini's Nastri and Light Shar lighting products are comprised of modules in blown cristallo glass that are arranged in several tiers and suspended from a metal support structure. Examples of Venini's Nastri and Light Shar lighting products are provided below.





31. Lighting fixtures with upright geometrically shaped glass modules surrounding a lighting element are obvious, garden-variety configurations. The display of common geometric shapes in a common or obvious arrangement is not entitled to copyright protection.

32. Numerous third parties market and sell lighting fixtures in the United States and elsewhere incorporating design elements that are the same or similar to those used by Venini. Such third parties include Amazon, Wayfair, Home Depot, Z Gallerie, and Pottery Barn.

33. Representative examples of third parties marketing and selling lighting fixtures that, upon information and belief, Venini would consider similar to Venini's Poliedri products are shown below.



Pottery Barn




Overstock



Wayfair



Northern Cult



Amazon



Home Depot

34. Representative examples of third parties marketing and selling lighting fixtures that, upon information and belief, Venini would consider similar to Venini's Tronchi products are shown below.


Lamps Plus


Shades of Light


Home Depot

35. Representative examples of third parties marketing and selling lighting fixtures that Venini would consider similar to its Nastri and Light Shar products are shown below.


Wayfair


Lowe's


Overstock


Bed Bath and Beyond


Home Depot

36. Venini does not own any United States copyright registrations for any of the products in the Venini Lighting Collections.

37. Copyright law does not protect any of the designs for any of the products in the Venini Lighting Collections.

38. Venini does not own any United States trade dress registrations for any products in the Venini Lighting Collections.

39. Trade dress law does not protect any of the designs in the Venini Lighting Collections.

40. None of the products in the Venini Lighting Collections have acquired secondary meaning in the United States.

41. The designs in the Venini Lighting Collections are functional. All of the designs consist of a series of geometric glass tubes, rods or modules that are designed to diffuse and refract light. The assembling of geometric glass tubes, rods, or modules is used throughout the lighting industry and serves the utilitarian purposes of diffusing, refracting, and distributing light, concealing light sources and allowing fixtures to be scaled to different spaces.

42. The designs in the Venini Lighting Collections have not become a unique indicator of source for Venini. Consumers in the United States and elsewhere are accustomed to seeing lighting fixtures composed of glass tubes or other basic geometric shapes suspended from a metal support structure marketed and sold by a wide variety of third parties.

**C. Venini's Threats and Demands**

43. On or about May 20, 2026, following the opening of RH's gallery in Milan, Italy, counsel for Venini sent the first of three cease-and-desist letters to RH and its affiliate RH Milan S.r.l. alleging that RH's Chiara lighting products infringe Venini's claimed copyright and design rights in its Poliedri lighting designs and constitute unfair competition.

44. On or about June 30, 2026, Venini sent a second demand letter reiterating its original claims of infringement and demanding a meeting with RH's CEO in Milan on July 1, 2026.

45. On or about August 29, 2026, Venini sent a third demand letter alleging that RH's Cielo and Tronchi lighting products infringe Venini's claimed copyright and design rights in its Tronchi lighting designs and constitute unfair competition.

46. The August 29, 2026 letter demanded, among other things, that RH enter into a worldwide license. By demanding a worldwide license and royalties for RH's "past and continuing exploitation" of the RH Lighting Collections, Venini has asserted rights extending to RH's sales in the United States, which constitute a substantial majority of RH's sales of those collections.

47. In subsequent communications, Venini also alleged the products in RH's San Marco lighting collection infringe Venini's rights in the Nastri and Light Shar designs.

48. Venini's accusations, threats, and demands have created a substantial, immediate, and real controversy between RH and Venini regarding RH's right to design, manufacture, import, market, and sell the RH Lighting Collections in the United States. RH faces the choice of abandoning or redesigning collections it has sold for years, paying damages and royalties for rights Venini does not own, or continuing its lawful sales under the threat of litigation and injunctive relief.

49. A judicial declaration is necessary and appropriate so that RH may ascertain its rights and continue its business free of Venini's threats. A judgment will serve a useful purpose in clarifying and settling the legal relations at issue and will afford relief from the uncertainty, insecurity, and controversy giving rise to this proceeding.

**COUNT I**
**(Declaration that Venini's Poliedri Lighting Designs are Not Protected by Copyright)**

50. RH incorporates and realleges the allegations contained in paragraphs 1 through 49 of this Complaint as if fully set forth herein.

51. Venini's Poliedri lighting design consists of geometrically shaped glass cylinders in a cascading arrangement suspended from a metal support structure for the purpose of diffusing, refracting, and distributing light, concealing light sources, and allowing fixtures to be scaled to different spaces. These elements have an intrinsic utilitarian purpose and are not eligible for copyright protection.

52. The components of Venini's Poliedri lighting design are not separable and cannot be converted into a recognizable sculptural work. All of the elements of Venini's Poliedri lighting design, whether alone or in combination, are utilitarian and are not eligible for copyright protection.

53. Venini's Poliedri lighting designs are not original as they merely consist of a combination of known elements, components, depictions and/or common geometric shapes, all of which are common and in the public domain and are not entitled to copyright protection.

54. RH seeks a declaratory judgment that Venini's Poliedri lighting designs are not protected by copyright, because any claim for copyright protection lacks specificity identifying the separable elements of its Poliedri lighting designs, and to the extent Venini can identify separable elements of its Poliedri lighting designs, those elements are not original and do not contain more than a *de minimis* amount of creative expression.

**COUNT II**
**(Declaration that Venini's Tronchi Lighting Designs are Not Protected by Copyright)**

55. RH incorporates and realleges the allegations contained in paragraphs 1 through 54 of this Complaint as if fully set forth herein.

56. Venini's Tronchi lighting design consists of geometrically shaped glass cylinders in a cascading arrangement suspended from a metal support structure for the purpose of diffusing, refracting, and distributing light, concealing light sources, and allowing fixtures to be scaled to different spaces. These elements have an intrinsic utilitarian purpose and are not eligible for copyright protection.

57. The components of Venini's Tronchi lighting design are not separable and cannot be converted into a recognizable work of sculpture. In whole or in part, all of the elements of Venini's Tronchi lighting design are utilitarian and are not eligible for copyright protection.

58. The components of Venini's Tronchi lighting design are not original as they merely consist of a combination of known elements, components, depictions and/or common geometric shapes, all of which are common and in the public domain and are not entitled to copyright protection.

59. RH seeks a declaratory judgment that Venini's Tronchi lighting designs are not protected by copyright, because any claim for copyright protection lacks specificity identifying the separable elements of its Tronchi lighting designs, and to the extent Venini can identify separable elements of its Tronchi lighting designs, those elements are not original and do not contain more than a *de minimis* amount of creative expression.

**COUNT III**
**(Declaration that Venini's Nastri Lighting Designs are Not Protected by Copyright)**

60. RH incorporates and realleges the allegations contained in paragraphs 1 through 59 of this Complaint as if fully set forth herein.

61. Venini's Nastri lighting design consists of geometrically shaped glass cylinders in a cascading arrangement suspended from a metal support structure for the purpose of diffusing, refracting, and distributing light, concealing light sources, and allowing fixtures to be scaled to different spaces. These elements have an intrinsic utilitarian purpose and are not eligible for copyright protection.

62. The components of Venini's Nastri lighting design are not separable and cannot be converted into a recognizable work of sculpture. In whole or in part, all of the elements of Venini's Nastri lighting design are utilitarian and are not eligible for copyright protection.

63. The components of Venini's Nastri lighting design are not original as they merely consist of a combination of known elements, components, depictions and/or common geometric shapes, all of which are common and in the public domain and are not entitled to copyright protection.

64. RH seeks a declaratory judgment that Venini's Nastri lighting designs are not protected by copyright, because any claim for copyright protection lacks specificity identifying the separable elements of its Nastri lighting designs, and to the extent Venini can identify separable elements of its Nastri lighting designs, those elements are not original and do not contain more than a *de minimis* amount of creative expression.

**COUNT IV**
**(Declaration that Venini's Light Shar Lighting Designs are Not Protected by Copyright)**

65. RH incorporates and realleges the allegations contained in paragraphs 1 through 64 of this Complaint as if fully set forth herein.

66. Venini's Light Shar lighting design consists of geometrically shaped glass cylinders in a cascading arrangement suspended from a metal support structure for the purpose of diffusing, refracting, and distributing light, concealing light sources, and allowing fixtures to be scaled to different spaces. These elements have an intrinsic utilitarian purpose and are not eligible for copyright protection.

67. The components of Venini's Light Shar lighting design are not separable and cannot be converted into a recognizable work of sculpture. In whole or in part, all of the elements of Venini's Light Shar lighting design are utilitarian and are not eligible for copyright protection.

68. The components of Venini's Light Shar lighting design are not original as they merely consist of a combination of known elements, components, depictions and/or common geometric shapes, all of which are common and in the public domain and are not entitled to copyright protection.

69. RH seeks a declaratory judgment that Venini's Light Shar lighting designs are not protected by copyright, because any claim for copyright protection lacks specificity identifying the separable elements of its Light Shar lighting designs, and to the extent Venini can identify separable elements of its Light Shar lighting designs, those elements are not original and do not contain more than a *de minimis* amount of creative expression.

**COUNT V**
**(Declaration that RH's Chiara Lighting Products Do Not Infringe Any Copyright in Venini's Poliedri Lighting Designs)**

70. RH incorporates and realleges the allegations contained in paragraphs 1 through 69 of this Complaint as if fully set forth herein.

71. Venini does not own a valid U.S. copyright in the Poliedri designs.

72. Venini's Poliedri lighting fixtures are useful articles that are not eligible for copyright protection because the component elements are not separable from the useful article and they do not have sufficient creativity because its component elements merely consist of a combination of known elements, components, depictions and/or common geometric shapes, all of which are common and in the public domain.

73. Venini's Poliedri lighting designs are not original. As set forth above, numerous third parties promote and sell lighting products that are identical or substantially similar to Venini's Poliedri lighting designs.

74. RH seeks a declaratory judgment that the design, manufacture, importation, marketing, and sale of RH's Chiara lighting products in the United States do not infringe any copyright (to the extent that a copyright exists) owned by Venini for its Poliedri lighting designs.

**COUNT VI**
**(Declaration that RH's Cielo Lighting Products Do Not Infringe Any Copyright in Venini's Tronchi Lighting Designs)**

75. RH incorporates and realleges the allegations contained in paragraphs 1 through 74 of this Complaint as if fully set forth herein.

76. Venini does not own a valid U.S. copyright in the Tronchi designs.

77. Venini's Tronchi lighting fixtures are useful articles that are not eligible for copyright protection because the component elements are not separable from the useful article and

they do not have sufficient creativity because the component elements merely consist of a combination of known elements, components, depictions and/or common geometric shapes, all of which are common and in the public domain.

78. Venini's Tronchi lighting designs also are not original. As set forth above, numerous third parties promote and sell lighting products that are identical or substantially similar to Venini's Tronchi lighting designs.

79. RH seeks a declaratory judgment that the design, manufacture, importation, marketing, and sale of RH's Cielo lighting products in the United States do not infringe any copyright (to the extent that a copyright exists) owned by Venini for its Tronchi designs.

**COUNT VII**
**(Declaration that RH's Tronchi Lighting Products Do Not Infringe Any Copyright in Venini's Tronchi Lighting Designs)**

80. RH incorporates and realleges the allegations contained in paragraphs 1 through 79 of this Complaint as if fully set forth herein.

81. Venini does not own a valid U.S. copyright in the Tronchi designs.

82. Moreover, as discussed above, Venini's Tronchi lighting fixtures are useful articles that are not eligible for copyright protection because the component elements are not separable from the useful article and they do not have sufficient creativity because the component elements merely consist of a combination of known elements, components, depictions and/or common geometric shapes, all of which are common and in the public domain.

83. Venini's Tronchi lighting designs also are not original. As set forth above, numerous third parties promote and sell lighting products that are identical or substantially similar to Venini's Tronchi lighting designs.

84. RH seeks a declaratory judgment that the design, manufacture, importation, marketing, and sale of RH's Tronchi lighting products in the United States do not infringe any copyright (to the extent that a copyright exists) owned by Venini for its Tronchi lighting designs.

**COUNT VIII**
**(Declaration that RH's San Marco Lighting Products Do Not Infringe Any Copyright in Venini's Nastri or Light Shar Lighting Designs)**

85. RH incorporates and realleges the allegations contained in paragraphs 1 through 84 of this Complaint as if fully set forth herein.

86. Venini does not own a valid U.S. copyright in the Nastri or Light Shar designs.

87. Moreover, as discussed above, Venini's Nastri and Light Shar lighting fixtures are useful articles that are not eligible for copyright protection because the component elements are not separable from the useful articles and they do not have sufficient creativity because the component elements merely consist of a combination of known elements, components, depictions and/or common geometric shapes, all of which are common and in the public domain.

88. Venini's Nastri and Light Shar lighting designs also are not original. As set forth above, numerous third parties promote and sell lighting products that are identical or substantially similar to Venini's Nastri and Light Shar lighting designs.

89. RH seeks a declaratory judgment that the design, manufacture, importation, marketing, and sale of RH's San Marco lighting products in the United States do not infringe any copyright (to the extent that a copyright exists) owned by Venini for its Nastri or Light Shar lighting designs.

**COUNT IX**
**(Declaration that Venini Does Not Own Trade Dress Rights in the Poliedri Lighting Designs)**

90. RH incorporates and realleges the allegations contained in paragraphs 1 through 89 of this Complaint as if fully set forth herein.

91. Venini holds no federal registration for its alleged trade dress in the Poliedri lighting designs.

92. Venini's alleged trade dress in its Poliedri lighting designs is not inherently distinctive.

93. Venini's alleged trade dress in its Poliedri lighting designs has not acquired distinctiveness through secondary meaning. Upon information and belief, Venini has no evidence to show that the primary significance of its alleged trade dress in the Poliedri lighting designs is to identify the source of the product.

94. Venini's alleged trade dress in the Poliedri lighting designs is functional because (1) it is essential to the use or purpose of the product; (2) it affects the cost or quality of the product; and (3) it would put competitors at a significant, non-reputation-related disadvantage.

95. RH seeks a declaratory judgment that Venini lacks trade dress rights in its Poliedri lighting designs because its claimed trade dress lacks specificity, is not distinctive and/or is functional.

**COUNT X**
**(Declaration that Venini Does Not Own Trade Dress Rights in the Tronchi Lighting Designs)**

96. RH incorporates and realleges the allegations contained in paragraphs 1 through 95 of this Complaint as if fully set forth herein.

97. Venini holds no federal registration for its alleged trade dress in the Tronchi lighting designs.

98. Venini's alleged trade dress in its Tronchi lighting designs is not inherently distinctive.

99. Venini's alleged trade dress in its Tronchi lighting designs has not acquired distinctiveness through secondary meaning. Upon information and belief, Venini has no evidence to show that the primary significance of its alleged trade dress in the Tronchi lighting designs is to identify the source of the product.

100. Venini's alleged trade dress in the Tronchi lighting designs is functional because (1) it is essential to the use or purpose of the product; (2) it affects the cost or quality of the product; and (3) it would put competitors at a significant, non-reputation-related disadvantage.

101. RH seeks a declaratory judgment that Venini lacks trade dress rights in its Tronchi lighting designs because its claimed trade dress lacks specificity, is not distinctive and/or is functional.

**COUNT XI**
**(Declaration that Venini Does Not Own Trade Dress Rights in the Nastri Lighting Designs)**

102. RH incorporates and realleges the allegations contained in paragraphs 1 through 101 of this Complaint as if fully set forth herein.

103. Venini holds no federal registration for its alleged trade dress in the Nastri lighting designs.

104. Venini's alleged trade dress in its Nastri lighting designs is not inherently distinctive.

105. Venini's alleged trade dress in its Nastri lighting designs has not acquired distinctiveness through secondary meaning. Upon information and belief, Venini has no evidence to show that the primary significance of its alleged trade dress in the Nastri lighting designs is to identify the source of the product.

106. Venini's alleged trade dress in the Nastri lighting designs is functional because (1) it is essential to the use or purpose of the product; (2) it affects the cost or quality of the product; and (3) it would put competitors at a significant, non-reputation-related disadvantage.

107. RH seeks a declaratory judgment that Venini lacks trade dress rights in its Nastri lighting designs because its claimed trade dress lacks specificity, is not distinctive and/or is functional.

**COUNT XII**
**(Declaration that Venini Does Not Own Trade Dress Rights in the Light Shar Lighting Designs)**

108. RH incorporates and realleges the allegations contained in paragraphs 1 through 107 of this Complaint as if fully set forth herein.

109. Venini holds no federal registration for its alleged trade dress in the Light Shar lighting designs.

110. Venini's alleged trade dress in its Light Shar lighting designs is not inherently distinctive.

111. Venini's alleged trade dress in its Light Shar lighting designs has not acquired distinctiveness through secondary meaning. Upon information and belief, Venini has no evidence to show that the primary significance of its alleged trade dress in the Light Shar lighting designs is to identify the source of the product.

112. Venini's alleged trade dress in the Light Shar lighting designs is functional because (1) it is essential to the use or purpose of the product; (2) it affects the cost or quality of the product; and (3) it would put competitors at a significant, non-reputation-related disadvantage.

113. RH seeks a declaratory judgment that Venini lacks trade dress rights in its Light Shar lighting designs because its claimed trade dress lacks specificity, is not distinctive and/or is functional.

**COUNT XIII**
**(Declaration that RH's Chiara Lighting Products Do Not Infringe Venini's Alleged Trade Dress in the Poliedri Lighting Designs)**

114. RH incorporates and realleges the allegations contained in paragraphs 1 through 113 of this Complaint as if fully set forth herein.

115. For the reasons discussed above, Venini has no protectable or valid trade dress rights in its Poliedri lighting designs.

116. There is no likelihood of consumer confusion between Venini's Poliedri lighting designs and RH's Chiara lighting products. As discussed above, Venini's Poliedri lighting designs consist of blown-glass polyhedra, glass tubes and rods, and cascading arrangements of glass elements suspended from a metal frame. These elements are commonplace, functional, and freely used throughout the lighting industry, including by numerous third-party retailers offering similar lighting fixtures in the United States.

117. Consumers are accustomed to seeing lighting fixtures that consist of blown-glass polyhedra, glass tubes and rods, and cascading arrangements of glass elements suspended from a metal frame sold by numerous third parties. The widespread use of these common design elements in the marketplace indicates that no consumer would believe that RH's Chiara lighting products

originated from Venini or were otherwise sponsored or endorsed by Venini. Accordingly, there is no likelihood of confusion.

118. RH seeks a declaratory judgment that RH has not infringed Venini's alleged trade dress rights in the Poliedri lighting designs because Venini lacks trade dress rights and there is no likelihood of consumer confusion.

**COUNT XIV**
**(Declaration that RH's Cielo Lighting Products Do Not Infringe Venini's Alleged Trade Dress in the Tronchi Lighting Designs)**

119. RH incorporates and realleges the allegations contained in paragraphs 1 through 118 of this Complaint as if fully set forth herein.

120. For the reasons discussed above, Venini has no protectable or valid trade dress rights in its Tronchi lighting designs.

121. There is no likelihood of consumer confusion between Venini's Tronchi lighting designs and RH's Cielo lighting products. As discussed above, Venini's Tronchi lighting designs consist of blown-glass polyhedra, glass tubes and rods, and cascading arrangements of glass elements suspended from a metal frame. These elements are commonplace, functional, and freely used throughout the lighting industry, including by numerous third-party retailers offering similar lighting fixtures in the United States.

122. Consumers are accustomed to seeing lighting fixtures that consist of blown-glass polyhedra, glass tubes and rods, and cascading arrangements of glass elements suspended from a metal frame sold by numerous third parties. The widespread use of these common design elements in the marketplace indicates that no consumer would believe that RH's Cielo lighting products originated from Venini or were otherwise sponsored or endorsed by Venini. Accordingly, there is no likelihood of confusion.

123. RH seeks a declaratory judgment that RH has not infringed Venini's alleged trade dress rights in the Tronchi lighting designs because Venini lacks trade dress rights and there is no likelihood of consumer confusion.

**COUNT XV**
**(Declaration that RH's Tronchi Lighting Products Do Not Infringe Venini's Alleged Trade Dress in the Tronchi Lighting Designs)**

124. RH incorporates and realleges the allegations contained in paragraphs 1 through 123 of this Complaint as if fully set forth herein.

125. For the reasons discussed above, Venini has no protectable or valid trade dress rights in its Tronchi lighting designs.

126. There is no likelihood of consumer confusion between Venini's Tronchi lighting designs and RH's Tronchi lighting products. As discussed above, Venini's Tronchi lighting designs consist of blown-glass polyhedra, glass tubes and rods, and cascading arrangements of glass elements suspended from a metal frame. These elements are commonplace, functional, and freely used throughout the lighting industry, including by numerous third-party retailers offering similar lighting fixtures in the United States.

127. Consumers are accustomed to seeing lighting fixtures that consist of blown-glass polyhedra, glass tubes and rods, and cascading arrangements of glass elements suspended from a metal frame sold by numerous third parties. The widespread use of these common design elements in the marketplace indicates that no consumer would believe that RH's Tronchi lighting products originated from Venini or were otherwise sponsored or endorsed by Venini. Accordingly, there is no likelihood of confusion.

128. RH seeks a declaratory judgment that RH has not infringed Venini's alleged trade dress rights in the Tronchi lighting designs because Venini lacks trade dress rights and there is no likelihood of consumer confusion.

**COUNT XVI**
**(Declaration that RH's San Marco Lighting Products Do Not Infringe Venini's Alleged Trade Dress in the Nastri or Light Shar Lighting Designs)**

129. RH incorporates and realleges the allegations contained in paragraphs 1 through 128 of this Complaint as if fully set forth herein.

130. For the reasons discussed above, Venini has no protectable or valid trade dress rights in its Nastri and Light Shar lighting designs.

131. There is no likelihood of consumer confusion between Venini's Nastri or Light Shar lighting designs and RH's San Marco lighting products. As discussed above, Venini's Nastri and Light Shar lighting designs consist of blown-glass polyhedra, glass tubes and rods, and cascading arrangements of glass elements suspended from a metal frame. These elements are commonplace, functional, and freely used throughout the lighting industry, including by numerous third-party retailers offering similar lighting fixtures in the United States.

132. Consumers are accustomed to seeing lighting fixtures that consist of blown-glass polyhedra, glass tubes and rods, and cascading arrangements of glass elements suspended from a metal frame sold by numerous third parties. The widespread use of these common design elements in the marketplace indicates that no consumer would believe that RH's San Marco lighting products originated from Venini or were otherwise sponsored or endorsed by Venini. Accordingly, there is no likelihood of confusion.

133. In view of the above, RH seeks a declaratory judgment that RH has not infringed Venini's alleged trade dress rights in the Nastri or Light Shar lighting designs because Venini lacks trade dress rights and there is no likelihood of consumer confusion.

**PRAYER FOR RELIEF**

RH respectfully requests that this Court enter judgment in its favor and against Venini as follows:

A. Declaring that Venini lacks protectable, valid copyrights in the United States in its Poliedri, Tronchi, Nastri, and Light Shar lighting designs;

B. Declaring that Venini lacks protectable, valid trade dress rights in the United States in its Poliedri, Tronchi, Nastri, and Light Shar lighting designs;

C. Declaring that RH's design, manufacture, importation, marketing, offering for sale, and sale of the lighting products in the Chiara, Cielo, Tronchi, and San Marco collections in the United States do not infringe any valid copyright or trade dress owned or claimed by Venini;

D. Declaring that Venini's Poliedri, Tronchi, Nastri, and Light Shar lighting designs are not distinctive and have not acquired secondary meaning;

E. Permanently enjoining Venini and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from asserting to RH or its customers, suppliers, or distributors that the RH Lighting Collections infringe any Venini copyright or trade dress right in the United States; and

F. Awarding RH such other and further relief as the Court deems just and proper.

New York, New York
October 30, 2026

WOMBLE BOND DICKINSON (US) LLP

By: /s/ Michael McCue

Michael McCue, NY Bar No. 5727698
Michael.McCue@wbd-us.com
Aaron Johnson, NY Bar No. 4783189
Aaron.Johnson@wbd-us.com
888 Seventh Avenue, 38th Floor
New York, New York 10106
Telephone: 332-258-8400
Facsimile: 332-258-8949

*Attorneys for Plaintiffs Restoration Hardware, Inc. and RH US, LLC*